### NORTHPORT REAL ESTATE & IMP. CO. *v.* HENDRICKSON.

*(Supreme Court, General Term, Second Department. July 22, 1892.)*

**1. ADVERSE POSSESSION—OCCUPATION OF PART OF PREMISES.**
    B., in 1839, conveyed a small lot on the south side of his farm to defendant's predecessor in title, and then conveyed the whole farm to plaintiff's predecessor, whose conveyance was first recorded. The lot in question was bounded on the south by one described as lot No. 10, and passed into the possession of the owner of No. 10, through whom defendant claims. There was never any fence separating the two lots. *Held,* there being evidence that No. 10 was occupied and cultivated by defendant's predecessor for over 20 years, that a verdict for defendant should not be disturbed, under Code Civil Proc. § 370, making the use and occupation of part of the premises extend to the whole, as respects the defense of adverse possession.

**2. SAME—INSTRUCTIONS.**
    Though, in such case, there was evidence tending to show that plaintiff's predecessors had exercised similar acts of control over premises embracing the lot in

dispute for over 20 years, the court, having instructed the jury that plaintiff was entitled to recover unless defendant's proof established such acts of ownership as the statute defines for more than 20 years on his or his predecessor's part, properly refused plaintiff's request to charge that a constructive adverse possession in plaintiff was not answered by a constructive adverse possession in defendant.

Appeal from circuit court, Suffolk county.

Action by the Northport Real Estate & Improvement Company against Jeremiah Hendrickson to recover real property. From a judgment for defendant, and from an order denying a motion for a new trial made on the minutes, plaintiff appeals. Affirmed.

Argued before BARNARD, P. J., and CULLEN, J.

*N. S. Ackerly,* for appellant.  *Thomas Young,* for respondent.

BARNARD, P. J. The proof shows that both parties claim under the same title. In 1839, Jesse Bunce owned a tract of 80 acres, of which the land in dispute is a part. He conveyed the lot in question by deed dated May 25, 1839, but acknowledged November 7, 1839, to Fannie and Amelia Bryant. On the 2d of November, 1839, he conveyed the whole farm to one S. P. Hart. Hart's deed was first recorded on the 27th of December, 1839. The defendant represents the Bryant title. The plaintiff claims the premises because they are included in the description of the farm. In the Bryant deed of the disputed premises one of the boundaries on the south is a certain lot, No. 10. No. 10 was owned by a separate owner until 1854. Then the Bryant lot and No. 10 were united in one Samuel Bryant. Bryant sold No. 10 separate in 1862 to one Seaton, and subsequently conveyed to him the disputed piece, and it has not since been disputed. There is an orchard in the rear of No. 10 which has been in the possession of the occupants of No. 10 since 1839. There was an occasional cultivation of a garden spot in the rear of No. 10, (north of it.) There was never any fence separating No. 10 from the rear of disputed lot. There was proof tending to show some use of the disputed property by each for over 20 years. There seems to be no real question but that the defendant is right in his claim. The Bryant title is oldest in date, and the deed to Hart of the whole farm is probably a mistake in not excepting the Bryant piece. That piece was the subject of repeated conveyances thereafter, and a part of the same has been occupied as an orchard, beyond dispute, ever since. The verdict will not be set aside unless some error was committed on the trial. The court charged the jury that No. 10 and the rear lot, for the purpose of adverse possession, constituted two lots, but that the orchard ground and the lot were the premises in dispute, and were one lot, and that an occupation and improvement of a part would support a verdict for an occupation of the whole. Code Civil Proc. § 370. This section reads as follows: "When a known farm or a single lot has been partly improved, the portion of the farm or lot that has been left not cleared or not inclosed, according to the usual course and custom of the adjoining country, is deemed to have been occupied for the same length of time as the part improved and cultivated." The charge is therefore right. The defendant had a written title, and the jury were told that the plaintiff had the prior title, and that, unless the proof established such acts of ownership as the statute defines, for more than 20 years by the defendant, the jury were to find the verdict for the plaintiff. The request to charge, that a constructive adverse possession in plaintiff was not answered by a constructive adverse possession in defendant, was needless. The charge as given stated the true ground of inquiry. Judgment should therefore be affirmed, with costs.